FILED
Oct 21, 2020
12:18 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| John Earheart, Jr., | ) | Docket No. 2019-06-1297 |
| Employee, | ) | |
| v. | ) | |
| Central Transport, | ) | State File No. 52124-2018 |
| Employer, | ) | |
| And | ) | |
| Cherokee Insurance Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
## (DECISION ON THE RECORD)

This case came before the Court on October 16, 2020, on Mr. Earheart's Request for Expedited Hearing seeking a decision on the record regarding additional treatment. Specifically, he seeks an order that Central Transport authorize further treatment for his hip injury and a panel of specialists for his alleged back injury. Central Transport accepted the claim for his hip but not his back. For the reasons below, the Court holds he is entitled to panels of specialists to treat both his hip and back.

### Claim History

Mr. Earheart worked as a delivery driver for Central Transport. On August 15, 2016, he fell on the deck of a trailer, trapping his right leg underneath him.[1] He tore a labrum in his right hip, which Dr. Thomas Byrd, an authorized physician, surgically repaired in April 2017.

Afterward, Mr. Earheart returned to Dr. Byrd for over a year. At an October visit, he reported continuing hip soreness. In May 2018, he first mentioned heel pain that radiated up to his back. Dr. Byrd wrote at that visit that "[w]e might need to get his back checked out, and we might need a neurodiagnostic study." In June, Dr. Byrd wrote, "We

---

[1] The date of injury is either August 15 or 16, 2016; the date varies throughout the documents.

1

may end up needing one of the neurologists to take a look at him just to see if they have any thoughts about whether some of this could still be nerve or any type of symptomatology." This was Mr. Earheart's last visit with Dr. Byrd, whose notes did not place him at maximum medical improvement at that time. According to Mr. Earheart's attorney, Dr. Byrd declined to see Mr. Earheart again for unknown reasons.

Mr. Earheart requested additional treatment, but rather than setting an appointment with Dr. Byrd or offering a replacement panel, Central Transport scheduled an employer's examination with Dr. Malcolm Baxter. At the October 2018 evaluation, Dr. Baxter noted that Mr. Earheart complained of heel and low-back pain, and that Dr. Byrd had recommended that he see a neurologist. Dr. Baxter wrote that these complaints:

> [H]ave never been completely worked up as Dr. Byrd had suggested with nerve studies and [a] lumbar MRI. It is my opinion that the patient's heel pain is more likely than not greater than 51%, due to the injury and subsequent surgery. . . . I think a nerve study will clear that up.

Central Transport did not authorize the recommended nerve studies or lumbar MRI.

In July 2019, Mr. Earheart filed a petition for benefit determination. At mediation one month later, Central Transport agreed to offer a panel of orthopedic specialists, and he chose a physician. That doctor refused to see him, so Mr. Earheart agreed to a different physician in October. However, Central Transport never scheduled an appointment.

According to the dispute certification notice, "Employer's attorney contests compensability/benefits for the back injury, not the hip injury." Central Transport did not file an objection to the Court deciding the issues by a review of the record, nor did it submit a brief or proof to support its purported defense.

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Mr. Earheart must present sufficient evidence showing he is likely to prevail at a hearing on the merits regarding his entitlement to medical benefits for his alleged back injury and additional treatment for his hip. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019).

As to his back, the Workers' Compensation Law itself provides all the guidance this Court needs on this issue. An employer must provide medical treatment made reasonably necessary by the work accident. Tenn. Code Ann. § 50-6-204. Further, when an employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three physicians or specialty practice groups from which the injured employee shall select one to be the treating physician. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). Moreover, when necessary, a treating physician may refer an injured employee to a

2

specialist, and within three business days, the employer shall provide the employee a panel of specialists. Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii).

Here, Mr. Earheart reported pain in his back radiating down to his heel as early as May 2018. Dr. Byrd suggested a neurology referral and neurodiagnostic testing. Several months later, Dr. Baxter, Central Transport's expert, agreed that Mr. Earheart needed nerve testing and a lumbar MRI. Central Transport did nothing to provide treatment with a specialist until August 2019, when it agreed to offer a panel of orthopedists. Central Transport failed to schedule an appointment with Mr. Earheart's selected physician.

According to the dispute certification notice, Central Transport contested whether the alleged back injury is work-related. However, its own physician, Dr. Baxter, gave the opinion that the heel and low-back pain is "more likely than not greater than 51%, due to the injury and subsequent surgery." Dr. Baxter used verbiage that mirrors in part the definition of "injury" in the Workers' Compensation Law. *See* Tenn. Code § 50-6-102(14)(B) (An injury arises primarily of out employment only if it has been shown that the employment contributed more than fifty percent in causing the injury). Further, where an employee complains of a work injury and the employer offers no evidence to refute the occurrence of the injury, the employee's evidence is sufficient to support an order compelling the employer to provide a panel of physicians. *Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). Therefore, Central Transport shall immediately offer a panel of orthopedists for Mr. Earhart's low back.[2]

As to his request for additional hip treatment, according to the dispute certification notice, Central Transport does not contest the work-relatedness of this injury. Dr. Byrd did not place Mr. Earheart at maximum medical improvement at the June 2018 visit. According to Mr. Earheart, Dr. Byrd has declined to treat him further. Where, at the interlocutory stage, an employer does not contest the compensability of a claim or that the employee is entitled to reasonable, necessary medical treatment causally related to the work accident, yet the authorized physician declines to provide additional treatment, a trial court may order that the employer provide a new panel of physicians. *Limberakis v. Pro-Tech Security, Inc.,* 2017 TN Wrk. Comp. App. Bd. 53, at *9-10 (Sept. 12, 2017). Therefore, Central Transport shall immediately offer Mr. Earheart a panel of hip specialists.

As a final matter, the Court refers this case to the Compliance Program for investigation of concerning events and delays in this case. Specifically, on this record, it appears that:

---

[2] Dr. Byrd recommended a neurological evaluation and testing, but the parties previously agreed that Mr. Earheart should see an orthopedic specialist instead. The Court defers to this agreement.

- Central Transport did not offer a panel of specialists for Mr. Earheart's back within three days of Dr. Baxter's recommendation. *See* Tenn. Comp. R. & Regs. 0800-02-01.06(8) (May, 2018).
- Central Transport did not introduce evidence that it investigated the compensability of Mr. Earheart's alleged back injury or that it followed the correct procedure to deny the claim. Decisions on the compensability of an alleged injury must be made within fifteen days of notice of the injury, and if, after a reasonable investigation, the employer denies the claim, it must file a notice of denial within five business days. Tenn. Comp. R & Regs. 0800-02-14.04(6) (August, 2018).

The Compliance Program will consider whether this case merits the imposition of penalties.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Central Transport shall immediately provide separate panels of specialists to treat Mr. Earheart's low back and hip. After he has selected physicians, Central Transport shall promptly schedule appointments with the providers.

2. This case is set for a Status Hearing on **December 7, 2020, at 10:00 a.m. Central Time.** You must call toll-free at 615-532-9552/866-943-0025 to participate. Failure to call might result in a determination of the issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED October 21, 2020.**

*Kenneth M. Switzer*

**JUDGE KENNETH M. SWITZER**
Court of Workers' Compensation Claims

4

**APPENDIX**

The Court considered these documents:

1. Petition for Benefit Determination, July 12, 2019
2. Medical Records
   - Concentra, August 16, 2016-April 4, 2017
   - Dr. Strickland, November 19, 2018
   - Dr. Baxter, October 25, 2018
   - Summit Medical Center, imaging report, September 21, 2016
   - Dr. Byrd, November 15, 2016-June 4, 2018 (includes diagnostic testing/imaging reports)
3. Dispute Certification Notice, September 11, 2020
4. Request for Expedited Hearing, September 17, 2020
5. Dispute Resolution Statement, August 7, 2019
6. Petition for Benefit Determination, August 2, 2020
7. Letter selecting Dr. Stahlman, August 12, 2019
8. Form C-42, August 9, 2019
9. Declaration of John Earheart, September 15, 2020
10. Two photos of an SUV
11. Dispute Resolution Statement, August 7, 2019
12. Petition for Benefit Determination, August 2, 2020
13. Order Denying Motion and Remanding to Mediation, July 14, 2020
14. Motion for Medical Treatment, July 13, 2020
15. Attorney Saulters's June 17, 2019 letter to Attorney Clark
16. Attorney Saulters's September 23, 2019 letter to Attorney Clark
17. Attorney Clark's September 23, 2019 email to Attorney Saulters and his reply.

**CERTIFICATE OF SERVICE**

I certify that a copy of this Expedited Hearing Order was sent as indicated on October 21, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Drew Saulters, Employee's attorney | | | X | dsaulters@ortalekelley.com jarmstrong@ortalekelley.com |
| Richard Clark, Employer's attorney | | | X | rclark@eraclides.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**WC.CourtClerk@tn.gov**



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*